**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>VICTOR LOPEZ-ORTIZ (66),<br><br>    Defendant. | CRIM. NO. 10-175 (PG) |

**ORDER**

**A. Background**

On May 5, 2010, co-defendant Victor Lopez-Ortiz ("Lopez" or "Defendant") was charged with five counts of narcotics violations involving heroin, crack cocaine, cocaine, and marijuana, all in violation of 21 U.S.C. §§ 841(a)(1), 846, 860, 963, and 18 U.S.C. § 2, as well as a count for conspiracy to possess firearms in violation of 18 U.S.C. § 924. See Docket No. 3. On August 15, 2011, Defendant's attorney, Mr. Javier A. Morales-Ramos, filed a motion requesting that Lopez be examined by a qualified neuro psychologist or psychiatrist inasmuch as Atty. Morales, through his interactions with his client, had come to the conclusion that the Defendant may be suffering from some mental impairment. See Docket No. 1501. On October 3, 2011, attorney Morales specifically requested that Dr. Carol Romey perform such an evaluation. See Docket No. 1588. Shortly thereafter, on October 13, 2011, the government filed a motion requesting the Court order the Defendant to submit to a psychiatric evaluation in either North Carolina or Missouri, inasmuch as the government had received information from officials of the Bureau of Prisons ("BOP") at the Metropolitan Detention Center ("MDC") as to Lopez's erratic behavior. See Docket No. 1609. The Defendant's behavior, included, but was not limited to, allegations that he had been seen eating roaches while in the presence of BOP officials and other inmates. See id. The Defendant, however, filed an objection to the government's request arguing that "said behavior is not of a nature requiring psychiatric evaluation." Se6e Docket No. 1612 at page 1. In support of its position, the Defendant's attorney included in his response a color picture of a person's face on which several live large roaches were resting, and urged the Court to read and see several "educational" articles and videos cited

CRIM. NO. 10-175(PG)                                                                                    Page 2

from the Internet that attested to the practice of eating insects and reptiles in the United States and other cultures. For example, the Defendant's attorney quoted and article that stated as follows:

> For brave souls with a strong stomach, Six Flags Over Georgia is giving away free 2012 season passes to anyone that successfully dines at the Café Du Cockroach on Saturday, October 15. The menu features live Madagascar hissing cockroaches, a delicacy to some, as the main entrée.

See id. What is more, the Defendant's counsel ended his opposition to the government's request suggesting that instead of the government incurring in expenses for travel and psychiatrist's fees,:

> [a]n alternative option would be to ship [the Defendant] to the Café Du Cockroach tomorrow Saturday, October 15, so that he may compete against other US Citizens and attempt to obtain free 2012 season passes to Six Flags Over Georgia. If [the Defendant] eats enough cockroaches, and obtains enough passes, we may share some with Brother Counsel [Alberto R. López-Rocafort, Special Assistant U.S. Attorney].

See id. at page 3.

**B. Discussion**

The Court, under certain conditions, may impose an appropriate sanction upon the attorney that violates the standards for professional conduct and engages in contempt or other misconduct. Local Rule 83E(a) specifically states:

> (a) Standards for Professional Conduct - Basis for Disciplinary Action. In order to maintain the effective administration of justice and the integrity of the Court, each attorney admitted or permitted to practice before this Court shall comply with the standards of professional conduct required by the Model Rules of Professional Conduct (the "Model Rules"), adopted by the American Bar Association, as amended. Attorneys who are admitted or permitted to practice before this Court are expected to be thoroughly familiar with the Model Rules' standards.

Local Rule 83E(a). Rule 3.5 of the ABA Rules of Professional Conduct states, in relevant part, that a lawyer shall not "engage in conduct intended to disrupt a tribunal." MODEL RULES OF PROF'L CONDUCT R. 3.5. In addition, Rule 8.4 of the ABA Model Rules provides that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice." MODEL RULES OF PROF'L CONDUCT R. 8.4.

Moreover, Local Rule 83E(d) also makes reference to the inherent power of the Court to sanction lawyers for misconduct and states as follows:

> (d) Powers of Individual Judges to Deal with Contempt or Other Misconduct Not Affected. The remedies for misconduct provided by this rule are in addition to the remedies available to individual judges under applicable law with respect to lawyers appearing before them. Misconduct of any attorney in the presence of a judge or in any manner with respect to any matter pending before the Court may be dealt with directly by the judge in charge of the matter or, at the judge's option, referred to the Chief Judge, or both.
>
> Nothing in this rule shall limit the Court's power to punish contempt or to sanction counsel in accordance with the federal rules of procedure or the Court's inherent authority to enforce its rules and orders.

Local Rule 83E(d). An order imposing discipline under Local Rule 83E may consist of disbarment, suspension, public or private reprimand, and/or monetary penalties, among other alternatives. See Local Rule 83E(c).

After examining Defendant's objection to the government's motion and careful forethought, the Court cannot bypass attorney Morales' choice of content in his response on behalf of Defendant. Not only is the picture included in the motion completely irrelevant to the to the central issue at hand, namely, the Defendant's mental state, it was also unnecessarily grotesque. In addition, the Court finds attorney's choice of language to be extremely sarcastic when suggesting to the Court that the Defendant be taken to a roach-eating competition instead of a mental evaluation. Not only did the attorney's arguments completely miss the mark in terms of legal merit with regards to the Defendant's cause, but were also disrespectful and have no place in this Court. Thus, the Court finds Atty. Morales conduct extremely unbecoming of an attorney admitted to the federal bar.

The Court finds this kind of behavior should not be tolerated from practicing attorneys. Sanctions are thus appropriate and necessary to protect the parties, the public and the judicial process. A reasonable monetary penalty paid to the Court will sufficiently deter the repetition of such conduct. Therefore, having fully considered all relevant factors, the Court now sanctions attorney Javier Morales-Ramos in the amount of One Hundred Dollars ($100.00), to be paid to the Court within **thirty (30) days** of the date of this Order.

### V. CONCLUSION

For the reasons stated above, this Court hereby **SANCTIONS** attorney Morales-Ramos pursuant to Local Rule 83E, and **ORDERS** him to pay a **$100.00**

CRIM. NO. 10-175(PG)                                                      Page 4

penalty to the Court. Payment is due **thirty (30) days** from the entry of this Order. The full amount is payable to Clerk, U.S. District Court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 17, 2011.

                                                S/ JUAN M. PEREZ-GIMENEZ
                                                JUAN M. PEREZ-GIMENEZ
                                                U.S. DISTRICT JUDGE